# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 14, 2011

## JESSE L. ROGERS v. KNOX COUNTY CRIMINAL COURT

**Appeal from the Chancery Court for Johnson County**
**No. 6509      G. Richard Johnson, Chancellor**

---

**No. E2011-00385-COA-R3-CV-FILED-NOVEMBER 29, 2011**

---

Jesse L. Rogers ("Plaintiff") appeals an order from the Chancery Court for Johnson County ("Chancery Court") dismissing his Petition for Access to Public Records. We affirm the dismissal of Plaintiff's petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Jesse L. Rogers, Pro Se Appellant.

Joseph G. Jarret, Knoxville, Tennessee, for the appellee, Knox County Criminal Court.

## MEMORANDUM OPINION[1]

Plaintiff filed a Petition for Access to Public Records alleging, in part, that the Knox County Criminal Court had denied him access to records in his criminal case captioned: *State of Tennessee v. Jessie Lee Rogers, Alias, III*. The Chancery Court dismissed

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Plaintiff's petition without prejudice.

Although Plaintiff's petition is not a model of clarity, his petition is styled as one for access to public records, and Plaintiff states that he is seeking the records pursuant to Tenn. Code Ann. § 10-7-503. We, therefore, shall treat Plaintiff's petition as one for access to public records pursuant to Tenn. Code Ann. § 10-7-503.

The record before us contains copies of two letters from the Knox County Criminal Court Clerk to Plaintiff. The first of these letters is dated July 23, 2009 and states, in pertinent part:

> Please be advised that this office has received a letter from you requesting that we assist by providing copies of documents regarding your Case #50478. The Presentment is 1 page, the Plea Agreement is 2 pages, the Judgment is 2 pages, the Affidavit of Complaint is 1 page. We do not have police reports or investigation reports. This office is required to charge for copies, $2.00 per page, $4.00 for certified page. Your request is for 6 pages and payment must be received by this court prior to sending you the requested copies.

The second letter, which is dated August 28, 2009, states, in pertinent part:

> This office received a letter from you regarding documents for your Case #50478. On 7/31/09 I sent copies of the Presentment, Plea Agreement and Judgment to your mother, Connie Rogers. If you are need [sic] a copy of the transcript from court, which is the document of what everyone said during the proceedings, it will need to be supplied by the Court Reporter. You will need to request that from the Court Reporter and she will let you know what the fee for that is. We do not have copies of the police or investigation reports. You will need to contact the Knox Co. Sheriff's Office or the Knoxville Police Department for those documents.

These two letters taken together show that the Knox County Criminal Court Clerk provided Plaintiff with copies of all of the records that Plaintiff had requested which were in the possession of the Knox County Criminal Court. Further, the letters show that the Knox County Criminal Court was not in possession of the transcript or police reports. The Knox County Criminal Court instructed Plaintiff as to the proper parties to contact for access to these documents. Given all this, it is clear that the Knox County Criminal Court did not deny Plaintiff access to the public records in its possession. As such, we find no error in the Chancery Court's dismissal of Plaintiff's petition for access to public records.

The judgment of the Chancery Court is affirmed, and this cause is remanded to the Chancery Court for collection of the costs below. The costs on appeal are assessed against the appellant, Jesse L. Rogers.


_____
D. MICHAEL SWINEY, JUDGE